UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------
IN RE:                                                                                  18-MD-2859 (PAC)

ZIMMER M/L TAPER HIP PROSTHESIS OR M/L
TAPER HIP PROSTHESIS WITH KINECTIV
TECHNOLOGY AND VERSYS FEMORAL HEAD
PRODUCTS LIABILITY LITIGATION

*This Document Relates To:*

Plaintiffs, Joseph Marasti and Gladys Marasti
Case No.: 1:19-cv-05156

------------------------------------------------------------------

1.    Plaintiffs, JOSEPH MARASTI and GLADYS MARASTI, state and bring this civil action in MDL No. 2859, entitled *In Re: Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Technology and Versys Femoral Head Products Liability Litigation*, against Defendants Zimmer, Inc., Zimmer US, Inc., and Zimmer Biomet Holdings, Inc.

2.    Plaintiffs are filing this Short Form Complaint as permitted by this Court's Case Management Order 9 dated February 7, 2019, and hereby incorporates the Master Long Form Complaint filed in MDL No. 2859 by reference.

## PARTIES, JURISDICTION AND VENUE

3.    Plaintiff, JOSEPH MARASTI, is a resident and citizen of the State of Pennsylvania and claims damages as set forth below.

4.    Plaintiff's Spouse, GLADYS MARASTI, is a resident and citizen of the State of Pennsylvania and claims damages as set forth below. *[Cross out Spousal Claim if not applicable.]*

5. Venue of this case is appropriate in the United States District Court for the Western District of Pennsylvania. Plaintiffs state that but for the Order permitting directly filing into the Southern District of New York pursuant to Case Management Order 9, Plaintiff would have filed in the United States District Court for the Western District of Pennsylvania. Therefore, Plaintiffs respectfully request that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

6. Plaintiffs bring this action *[check the applicable designation]*:

☒ On behalf of himself/herself;

☐ ~~In a representative capacity as the _____ of the _____ having been duly appointed as the _____ by the _____ Court of _____. A copy of the Letters of Administration for a wrongful death claim is annexed hereto if such letters are required for the commencement of such a claim by the Probate, Surrogate or other appropriate court of the jurisdiction of the decedent.~~ *[Cross out if not applicable.]*

## FACTUAL ALLEGATIONS

ALLEGATIONS AS TO **RIGHT-SIDE** IMPLANT/EXPLANT SURGERY(IES): *[CROSS OUT IF NOT APPLICABLE]*

7. Plaintiff was implanted with a Versys Femoral Head in his right hip on or about December 21, 2009, at the UPMC Magee Hospital, 300 Halket Street, in Pittsburgh, Pennsylvania, by Anthony DiGioia, MD.

8. Plaintiff was implanted with the following femoral stem during the December 9, 2009, implantation surgery:

☒ Zimmer M/L Taper

☐ Zimmer M/L Taper with Kinectiv Technology

9. Plaintiff had the following right hip components explanted on or about October 16, 2018, at UPMC Magee Hospital, 300 Halket Street in Pittsburgh, Pennsylvania by Kenneth Urish, MD.

☒ Versys femoral head

☐ ~~Zimmer M/L Taper~~

☐ ~~Zimmer M/L Taper with Kinectiv Technology~~

[*Cross out if not applicable.*]

10. ~~Plaintiff will have the right hip components at issue explanted on or about _____, at _____ (medical center and address) by Dr. _____.~~

[*Cross out if not applicable.*]

11. ~~Plaintiff has not yet scheduled a surgery for explantation of the right hip components at issue.~~ [*Cross out if not applicable.*]

ALLEGATIONS AS TO **LEFT-SIDE** IMPLANT/EXPLANT SURGERY(IES): [*CROSS OUT IF NOT APPLICABLE*]

12. ~~Plaintiff was implanted with a Versys Femoral Head in his/her left hip on or about _____ (date), at the _____ (medical center and address), in _____, by Dr. _____.~~

13. ~~Plaintiff was implanted with the following femoral stem during the _____ (date) implantation surgery:~~

☐ ~~Zimmer M/L Taper~~

☐ ~~Zimmer M/L Taper with Kinectiv Technology~~

14. ~~Plaintiff had the following left hip components explanted on or about _____, at _____ (medical center and address) by Dr. _____:~~

☐ ~~Versys femoral head~~

~~☐	Zimmer M/L Taper~~

~~☐	Zimmer M/L Taper with Kinectiv Technology~~

~~15.	Plaintiff will have the left hip components at issue explanted on or about _____, at _____ (medical center and address) by Dr. _____.~~ *[Cross out if not applicable.]*

~~16.	Plaintiff has not yet scheduled a surgery for explantation of the left hip components at issue.~~ *[Cross out if not applicable.]*

## ALLEGATIONS AS TO INJURIES

17.	(a)	Plaintiff claims damages as a result of (check all that are applicable):

☒	INJURY TO HERSELF/HIMSELF

☐	INJURY TO THE PERSON REPRESENTED

☐	WRONGFUL DEATH

☐	SURVIVORSHIP ACTION

☐	ECONOMIC LOSS

(b)	Plaintiff's spouse claims damages as a result of (check all that are applicable): *[Cross out if not applicable.]*

☒	LOSS OF SERVICES

☒	LOSS OF CONSORTIUM

18.	Plaintiff has suffered injuries as a result of implantation of the Devices at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint if chosen for bellwether consideration, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein.

19. Plaintiff has suffered injuries as a result of the explantation of the Devices at issue manufactured by the Defendants as shall be fully set forth in Plaintiff's anticipated Amended Complaint if chosen for bellwether consideration, as well as in Plaintiff's Fact Sheet and other responsive documents provided to the Defendant and are incorporated by reference herein. *[Cross out if not applicable.]*

20. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

21. Due to the nature of the defect, Plaintiff could not have known that the injuries he suffered were as a result of a defect in the Devices at issue at the time they were implanted or for any period afterwards until the defect was actually discovered by Plaintiffs.

### CASE-SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

22. The following claims and allegations are asserted by Plaintiffs and are herein adopted by reference from the Master Long Form Complaint (check all that are applicable):

- ☒ COUNT I - NEGLIGENCE;
- ☒ COUNT II - NEGLIGENCE PER SE;
- ☒ COUNT III - STRICT PRODUCTS LIABILITY - DEFECTIVE DESIGN;
- ☒ COUNT IV - STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT;
- ☒ COUNT V - STRICT PRODUCTS LIABILITY- FAILURE TO WARN;
- ☒ COUNT VI - BREACH OF EXPRESS WARRANTY;
- ☒ COUNT VII- BREACH OF WARRANTY AS TO MERCHANTABILITY;
- ☒ COUNT VIII - BREACH OF IMPLIED WARRANTIES;

☒ COUNT IX - VIOLATION OF CONSUMER PROTECTION LAWS

☒ COUNT X –NEGLIGENT MISREPRESENTATION

☒ COUNT XI- FRAUDULENT CONCEALMENT

☒ COUNT XII - UNJUST ENRICHMENT

☒ COUNT XIII – LOSS OF CONSORTIUM

☐ COUNT XIV – WRONGFUL DEATH

☐ COUNT XV- SURVIVAL ACTION

In addition to the above, Plaintiff(s) assert the following additional causes of action under applicable state law:

☒ PUNITIVES DAMAGES

☐ OTHER: _____

_____

_____

_____

_____

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For all applicable statutory damages of the state whose laws will govern this action;

3. For an award of attorneys' fees and costs;

4. For prejudgment interest and costs of suit;

5. Exemplary damages;

6. For restitution and disgorgement of profits; and,

7. For such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

Date: May 31, 2019                              Respectfully submitted,


BY: *Ilyas Sayeg*

**Ilyas Sayeg, Esq.**
Florida Bar No. 99140
**MAGLIO CHRISTOPHER & TOALE, PA**
1605 Main Street, Suite 710
Sarasota, FL 34236
Phone 888-952-5242
Fax 877-952-5042
Primary Email: isayeg@mctlawyers.com
Secondary Email: lwilliams@mctlawyers.com
Secondary Email: ebanfelder@mctlawyers.com

and

**Brian Franciskato, Esquire**
Missouri Bar No. 41634
**NASH & FRANCISKATO LAW FIRM**
2300 Main Street
Kansas City, MO 64108
Phone 816-221-6600
Fax 618-524-5821
Primary Email: bfranciskato@nashfranciskato.com
Secondary Email: acryderman@nashfranciskato.com

*Attorneys for Plaintiff*